IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DIANE ELIZABETH MATHER, | ) | CIVIL NO. 13-00436 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KAREN T. NAKASONE, d.b.a. | ) | |
| HON. JUDGE KAREN T. NAKASONE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

On August 30, 2013, pro se Plaintiff Diane Elizabeth Mather ("Plaintiff") filed a document titled "Notice of Suit for Breach." This Court construes the document as Plaintiff's Complaint. The only defendant named in the Complaint is "Karen T. Nakasone d.b.a. Hon. Judge Karen T. Nakasone" ("Judge Nakasone"). For the reasons set forth below, Plaintiff's Complaint is HEREBY DISMISSED WITHOUT PREJUDICE because it fails to plead any basis for federal jurisdiction.

**BACKGROUND**

Plaintiff is one of the defendants in Nazemi v. Wrona, et al., Civil No. 13-1-0360-02 KTN, in the State of Hawai`i First Circuit Court. Judge Nakasone is the presiding judge in Nazemi. Plaintiff attempted to serve Judge Nakasone with a "Notice" dated May 8, 2013 ("5/8/13 Notice"). [Complaint, Exh. B (5/8/13 Notice) at 1, Exh. C (Return and Acknowledgment of Service).] The 5/8/13 Notice stated that the Nazemi complaint was being

"accepted for value and returned for settlement and closure[.]"
[5/8/13 Notice at 1.]  The 5/8/13 Notice "order[ed]" Judge
Nakasone to "settle and close" the case.  [Id.]  The 5/8/13
Notice also stated that Judge Nakasone had a "fiduciary
responsibility" because of her position, and that her refusal to
fulfill that responsibility would "raise the issue of a tort
claim[.]"  [Id.]  On July 17, 2013, Plaintiff filed a document in
Nazemi titled Notice of Appointment of Fiduciary ("7/17/13
Notice"), which purported to appoint Judge Nakasone as
Plaintiff's fiduciary.  The 7/17/13 Notice directed Judge
Nakasone to settle and close Nazemi within twenty-one days.
[Complaint, Exh. E.]  On August, 9, 2013, Plaintiff filed another
notice in Nazemi ("8/9/13 Notice"), which stated that Judge
Nakasone had failed to close the case within twenty-one days of
the 7/17/13 Notice.  The 8/9/13 Notice gave Judge Nakasone an
additional ten days to close the case.  [Id., Exh. F.]

       Plaintiff's Complaint in the instant case alleges that
Judge Nakasone's failure to settle and close Nazemi constitutes a
breach of her fiduciary duties and a tort against Plaintiff.
[Complaint at ¶¶ 16-17.]  Plaintiff alleges that, because of her
tortious conduct, Judge Nakasone "has absolutely no immunities in
the matter."  [Id. at ¶ 17.]  Plaintiff also alleges that Judge
Nakasone has committed fraud.  [Id. at ¶ 22.]

The Complaint seeks damages for the "Value of Property in question" - $369,000.00 - and punitive damages of $1,107,000.00.  [Id. at pg. 7.]  Plaintiff also seeks an order directing Judge Nakasone to settle and close Nazemi immediately. [Id. at pg. 8.]

## STANDARD

This district court has stated:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion.  See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).  Additionally, a paid complaint that is

3

"obviously frivolous" does not confer federal
subject matter jurisdiction and may be dismissed
*sua sponte* before service of process.  Franklin v.
Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984);
see also Fed. R. Civ. P. 12(h)(3); Grupo Dataflux
v. Atlas Global Group, L.P., 541 U.S. 567, 593
(2004) ("[I]t is the obligation of both district
court and counsel to be alert to jurisdictional
requirements.").  "Federal courts are courts of
limited jurisdiction," possessing "only that power
authorized by Constitution and statute." United
States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008)
(quoting Kokkonen v. Guardian Life Ins. Co., 511
U.S. 375, 377 (1994)).  The assumption is that the
district court lacks jurisdiction.  See Kokkonen,
511 U.S. at 377.  Accordingly, a "party invoking
the federal court's jurisdiction has the burden of
proving the actual existence of subject matter
jurisdiction." Thompson v. McCombe, 99 F.3d 352,
353 (9th Cir. 1996).

Paet v. Fernandez, Civil No. 13-00079 JMS-KSC, 2013 WL 840224, at

*1 (D. Hawai`i Mar. 5, 2013) (alterations in Paet).

### DISCUSSION

Even liberally construed, the Complaint does not allege

a basis for federal question jurisdiction pursuant to 28 U.S.C.

§ 1331.[1]  Plaintiff states that she grants this district court

jurisdiction in this matter and that she is "making a special

appearance before this court under the supplemental rules of

Admiralty, Rule E(8)[.]"  [Complaint at pg. 2.]  It is true that,

pursuant to 28 U.S.C. § 1333(1), "[f]ederal courts have exclusive

jurisdiction over admiralty and maritime claims[.]"  Lewis v.

_____

[1] 28 U.S.C. § 1331 states: "The district courts shall have
original jurisdiction of all civil actions arising under the
Constitution, laws, or treaties of the United States."

4

<u>Lewis & Clark Marine, Inc.</u>, 531 U.S. 438, 440 (2001).
Plaintiff's Complaint, however, does not allege any facts that
would support an admiralty claim.  Plaintiff's claims against
Judge Nakasone – breach of fiduciary duty and fraud – are state
law claims.

    Although federal courts may preside over state law
claims pursuant to their diversity jurisdiction, <u>see</u> 28 U.S.C.
§ 1332, the Complaint does not allege a basis for diversity
jurisdiction because it does not allege diversity of citizenship.
Plaintiff states that she is domiciled in the State of Hawai`i.
[Complaint at pg. 1.]  The Complaint does not contain an express
allegation of Judge Nakasone's citizenship for jurisdictional
purposes.  However, insofar as Plaintiff is suing her in her
capacity as a state court judge, it appears that Judge Nakasone
is a citizen of Hawai`i for jurisdictional purposes.

    This Court concludes that it does not have jurisdiction
over the claims alleged in Plaintiff's Complaint, and therefore
this Court cannot grant Plaintiff any relief on her claims.
Thus, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

    This district court has set forth the process that a
pro se plaintiff must follow when filing an amended complaint:

>     If Plaintiff chooses to file an amended complaint,
>     Plaintiff must write short, plain statements
>     telling the court: (1) the treaty, constitutional
>     right, or statutory right Plaintiff believes was
>     violated; (2) the specific basis of this court's
>     jurisdiction; (3) the name of the defendant who

violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct.  Plaintiff must repeat this process for each person or entity that she names as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the Complaint by reference.  Plaintiff may include only one claim per count.  Any cause of action not raised in the amended complaint is waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Paet, 2013 WL 840224, at *4.  If Plaintiff chooses to file an amended complaint in the instant case, she must comply with these directions.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint, filed August 30, 2013, is HEREBY DISMISSED WITHOUT PREJUDICE.  If Plaintiff chooses to file an amended complaint, she must do so by **October 4, 2013**.  This Court CAUTIONS Plaintiff that, if she fails to file her amended complaint by **October 4, 2013**, or if her amended complaint fails to address the defects identified in this Order, this action MAY BE DISMISSED WITH PREJUDICE.

//

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 5, 2013.



　　/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DIANE ELIZABETH MATHER V. KAREN T. NAKASONE, ETC; CIVIL NO. 13-00436 LEK-KSC; ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**